IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEFAC S.A., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SEFAC, INC. | : | NO. 15-3406 |

MEMORANDUM

Dalzell, J.                                                          October 16, 2015

## I.      **Introduction**

We consider here defendant's motion to dismiss or, in the alternative, motion to strike, and motion to stay these proceedings. Plaintiffs, SEFAC S.A. and SEFAC USA, Inc., bring several causes of action against defendant SEFAC, Inc., including claims for cancellation of a federal trademark under 15 U.S.C. § 1119, false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), injury to business reputation and trademark dilution under 54 Pa. Cons. Stat. § 1124, and common law unfair competition.

We have jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

## II.     **Standard Of Review**

A defendant moving to dismiss under Fed. R. Civ. P. 12(b)(6) bears the burden of proving that the plaintiff has failed to state a claim for relief. See Fed. R. Civ. P. 12(b)(6); see also, e.g., Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

As the Supreme Court stresses, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action…do not suffice." Id. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

In the wake of Twombly and Iqbal, our Court of Appeals laid out a two-part test to apply when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted). In deciding a motion to dismiss, we may consider "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefits Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

We recite the facts as they appear in the complaint.

**III.    Factual Background**

Plaintiff SEFAC S.A. is a French corporation that designs, manufactures, and sells heavy duty column lifts used to raise vehicles. Compl. at ¶ 1. Plaintiff sells its lift products in the United States and abroad under the trademark "SEFAC." Id. at ¶ 2. Plaintiff owns and uses in

commerce the SEFAC mark and owns two related trademarks. Id. Plaintiff SEFAC USA Inc., a wholly owned subsidiary of plaintiff SEFAC S.A., is a Delaware corporation with a principal place of business in Philadelphia, Pennsylvania. Id. at ¶ 3. SEFAC S.A. formed SEFAC USA Inc. after defendant, SEFAC, Inc., unilaterally terminated its distribution agreement with SEFAC S.A. Id.

Defendant SEFAC, Inc. is a Maryland corporation with its principal place of business in Baltimore, Maryland. Id. at ¶ 4. Defendant advertises and provides goods and services in the Eastern District of Pennsylvania, and throughout Pennsylvania, under the SEFAC mark. Id. From at least 2003 until 2014, defendant was plaintiff SEFAC S.A.'s only distributor in the United States. Id. at ¶ 5. Defendant purchased plaintiff's lift products and resold them in the United States. Id. Even after it unilaterally terminated its distribution agreement with plaintiff in late 2014, defendant continued to market and sell products using the SEFAC mark without license, authorization, or consent from plaintiff SEFAC S.A. Id.

In or about 2006, defendant obtained the ownership of trademark Reg. No. 2,840,695 for the word mark "SEFAC" by filing what SEFAC S.A. alleges was a false assignment document with the United States Patent and Trademark Office ("USPTO"). Id. at ¶ 6. Plaintiff SEFAC S.A. commenced a cancellation proceeding against this trademark registration on December 9, 2014 alleging fraud and deception, and that proceeding is currently pending before the USPTO under Trademark Trial and Appeal Board ("TTAB") No. 92060499. Id. at ¶ 7.

Plaintiffs allege that defendant has unlawfully misappropriated and infringed upon the SEFAC marks in the United States. Id. at ¶ 8. In their complaint, plaintiffs initially asserted five causes of action: (1) cancellation of trademark for fraud and deception pursuant to 15 U.S.C. § 1119, (2) unfair competition and false designation of origin pursuant to Section 43(a) of the

Lanham Act, (3) injury to business reputation and trademark dilution pursuant to Pa. Cons. Stat.

§ 1124, (4) deceptive trade practices in violation of Pennsylvania's Unfair Trade Practices and

Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201 et seq., and (5) common law unfair

competition. Id.

IV.     **Discussion**

      A.      **Motion To Dismiss Or, In The Alternative, To Strike**

Defendant moves to dismiss plaintiffs' claim relating to Pennsylvania's Unfair Trade

Practices and Consumer Protection Law, or, in the alternative, moves to strike all references

thereto. Mot. at 11. Plaintiffs clarified that they are not bringing any claim under that statute and

consented to striking or disregarding any phrases or ad damnum clauses in their complaint

suggesting otherwise. Pl. Resp. at 11.

As plaintiffs do not oppose defendant's motion to strike these portions of the complaint,

we will grant plaintiff's motion to strike all references to Pennsylvania's Unfair Trade Practices

and Consumer Protection Law, 73 Pa. Cons. Stat. §§ 201 et seq..

      B.      **Motion To Stay Proceedings**

Defendant requests that we stay this proceeding pending the outcome of plaintiff SEFAC

S.A.'s cancellation action before the TTAB. Mot. at 1. Defendant argues that we should invoke

the doctrine of primary jurisdiction or, in the alternative, our inherent authority to stay. Id.

at 4, 8.

Plaintiffs oppose the motion to stay, arguing that the doctrine of primary jurisdiction is

inapplicable to TTAB proceedings, and that defendant fails to show that an exercise of our

inherent authority to stay is warranted here. Pl. Resp. at 5, 10.

1.      <u>Doctrine Of Primary Jurisdiction</u>

The doctrine of primary jurisdiction concerns the proper relationship between the courts and administrative agencies charged with particular regulatory duties. <u>Nader v. Allegheny Airlines, Inc.</u>, 426 U.S. 290, 303 (1976). Primary jurisdiction "involves claims over which the court and agency have equal jurisdiction but these claims include issues in which the agency has primary authority, sometimes rising to the level of foreclosing consideration by the courts." 33 Wright & Miller, <u>Fed. Prac. & Proc. Judicial Review</u> § 8399 (1st ed.). Primary jurisdiction "comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." <u>United States v. Western Pacific R.R. Co.</u>, 352 U.S. 59, 64 (1956). In such cases, the judicial process is suspended pending the administrative body's views on the issue. <u>Id.</u> The doctrine's two purposes are to (1) create uniformity across certain types of administrative questions and (2) obtain an agency's expertise and specialized knowledge. <u>Id.</u> at 64-65. "[A] court should refer a matter to an administrative agency for resolution, even if the matter is otherwise properly before the court, if it appears that the matter involves technical or policy considerations which are beyond the court's ordinary competence and within the agency's particular field of expertise." <u>MCI Commc'n Corp. v. American Tel. & Tel. Co.</u>, 496 F.2d 214, 220 (3d Cir. 1974).

Our Court of Appeals has not decided a blanket rule regarding the applicability of the doctrine of primary jurisdiction to cases with issues also pending before the TTAB. <u>See, e.g.</u>, <u>Nutraquest, Inc. v. All Am. Pharm. & Nat. Foods Corp.</u>, 2007 WL 121448, *3 (D.N.J. Jan. 11, 2007) (Debevoise, J.) (looking to the Court of Appeals for the Second Circuit for guidance). The Second Circuit has noted "the relatively narrow scope of the doctrine of primary jurisdiction,"

finding that it "has been applied only when a lawsuit raises an issue, frequently the validity of a commercial rate or practice, committed by Congress in the first instance to an agency's determination, particularly when the issue involves technical questions of fact uniquely within the expertise and experience of an agency." Goya Foods, Inc. v. Tropicana Prods., Inc., 846 F.2d 848, 851 (2d Cir. 1988) (internal quotations omitted).

Courts considering whether to stay litigation until the TTAB proceedings have concluded have engaged in case-specific inquiries as to the claims and contested facts at issue. As the doctrine of primary jurisdiction is meant to reach cases "raising issues of fact not within the conventional experience of judges," some courts have rejected the doctrine's application when the case turns on a fact-specific inquiry into issues with which courts are very familiar -- such as intent. Look Magazine Enters. S.A. v. Look, Inc., 596 F. Supp. 774, 779 (D. Del. 1984) (quoting Far East Conference v. United States, 342 U.S. 570, 574 (1952)). But courts have found stays to be appropriate if the TTAB's decision is dispositive of all claims, such as when all of a party's claims depend upon the validity of a trademark, or when the issue involves an area of specialized expertise for the TTAB -- such as whether a mark is generic. See, e.g., Microchip Tech., Inc. v. Motorola, Inc., 2002 WL 32332753, *3 (D. Del. May 28, 2002) (Farnan, J.).

As earlier rehearsed, the complaint asserts four causes of action: (1) cancellation of a federal trademark, (2) false designation of origin, (3) injury to business reputation and trademark dilution, and (4) common law unfair competition. Compl. at ¶¶ 47-97. Plaintiffs support their claim for cancellation of a federal trademark with factual allegations of fraud. Id. at ¶¶ 27-35. Issues of fraud and misrepresentation are well within the conventional experience of federal district courts, and the TTAB has no unique claim to expertise or experience in this regard. Further, the remaining three claims brought in the complaint are not before the TTAB, and the

TTAB's position regarding the cancellation of the federal trademark at issue thus does not pertain to them.

We therefore find that the doctrine of primary jurisdiction does not apply. We will deny defendant's motion to stay on that basis.

### 2.       Inherent Authority To Stay

Defendant also requests that we stay this case under our inherent authority to do so. A party requesting such a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [someone] else." Landis v. North Am. Co., 299 U.S. 248, 255 (1936). The power to stay "is incidental to the power inherent in every court to dispose of cases so as to promote their fair and efficient adjudication." United States v. Breyer, 41 F.3d 884, 893 (1994).

Defendant argues that we should stay this case because the TTAB will resolve the issues presented in one of the claims as early as April of 2016, plaintiff SEFAC S.A. initiated the TTAB proceedings, discovery before the TTAB is well underway, and defending against proceedings in both this Court and the TTAB will impose a financial burden on the defendant. Mot. at 9-10.

Plaintiffs argue that a stay will delay the relief they seek regarding defendant's alleged infringement, the TTAB will not resolve or simplify three of the four issues averred in the complaint, and defendant has failed to meet the high bar required for a stay. Pl. Resp. at 11.

Defendant has failed to demonstrate that a stay is warranted. We do not make light of the expense of litigation, but that alone is not the type of hardship or inequity that warrants a stay especially given that three of the four claims at issue here are not before the TTAB. Given the limited effect the TTAB proceedings would have on this litigation, the potential damage to

plaintiffs if we delay these proceedings until well into 2016, and the interests of justice that are served by expeditious litigation, we find that a stay is not warranted. We will deny defendant's motion for a stay on this basis.

**V.**      **Conclusion**

Plaintiffs consent to the striking of all portions of the complaint referring to Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and so we will strike those portions of the complaint. But defendant has failed to demonstrate entitlement to a stay under either the doctrine of primary jurisdiction or our inherent authority to stay cases. Since a stay is unwarranted and justice would not be served by one, we will deny defendant's motion. An appropriate Order follows.

BY THE COURT:

 _/s/ Stewart Dalzell, J._